Filed 12/18/23  P. v. Jessee CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SANDRA MARIE JESSEE,<br><br>    Defendant and Appellant. | G062392<br><br>(Super. Ct. No. 07ZF0009)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Sandra Marie Jessee filed a petition for resentencing pursuant to Penal Code section 1172.6.[1] At the prima facie hearing on the petition, the trial court denied Jessee resentencing relief. Appointed counsel for Jessee filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth the facts of the case. Citing *Delgadillo*, counsel asked this court to conduct an independent review of the entire record. Jessee was given an opportunity to file a supplemental brief but did not do so.

Under *Delgadillo*, we exercise our discretion to independently review the record and find no reasonably arguable issue. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, a jury found Jessee guilty of conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a); count 1) and first degree murder (§ 187, subd. (a); count 2). As to count 2, the jury also found Jessee committed the murder for financial gain (§ 190.2, subd. (a)(1)). The trial court sentenced Jessee to a term of life without the possibility of parole. On direct appeal to this court, Jessee challenged only the restitution orders made by the trial court. (*People v. Jessee* (Nov. 25, 2013, G046881) [nonpub. opn.].) This court reversed one of the challenged restitution orders and otherwise affirmed the judgment. (*Ibid.*)

In November 2022, Jessee filed a petition for resentencing pursuant to section 1172.6. After receiving Jessee's petition, the trial court appointed counsel. The People filed a response to Jessee's petition, arguing it should be denied, and Jessee's counsel filed a brief along with corrections in support of the petition. The trial court conducted a prima facie hearing on the petition. After reviewing the briefs from both

---

[1] All further statutory references are to the Penal Code.

parties, the record of conviction, and hearing argument from both counsel, the trial court found Jessee had failed to establish a prima facie showing for relief. A statement of decision was then issued by the trial court explaining the denial of the resentencing petition. Jessee appealed.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) amended the felony murder rule and natural and probable consequences doctrine as it relates to murder "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Senate Bill 1437 also added section 1170.95,[2] which provides procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis, supra*, at p. 957.) A subsequent amendment to former section 1170.95 extended relief to defendants convicted of manslaughter or attempted murder based on the natural and probable consequences doctrine. (Sen. Bill No. 775 (2021–2022 Reg. Sess.) Stats. 2021, ch. 551, § 2.)

After receipt of a section 1172.6 resentencing petition, counsel shall be appointed upon the petitioner's request. (§ 1172.6, subd. (b)(1)–(3).) The prosecutor must then file a response to the petition, and the petitioner may file a reply. (§ 1172.6, subd. (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*)

Appellate counsel suggests we consider whether the trial court erred in denying Jessee's resentencing petition at the prima facie hearing. At this initial hearing

_____

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

3

the trial court may rely on the record of conviction. (*People v. Lewis, supra,* 11 Cal.5th at pp. 970–971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) Instructions given to the jury at the petitioner's trial may be relied on by the trial court as part of the record of conviction at the prima facie hearing. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.)

Here, Jessee's appellate counsel concedes section 1172.6 precluded resentencing relief as to Jessee's conspiracy to commit murder conviction in count 1. As to Jessee's murder conviction, we agree with the trial court's finding Jessee has not made a prima facie showing for relief under section 1172.6. A review of the record of conviction shows the jury was not instructed on any theory of liability for murder that allowed malice to be imputed to Jessee. Specifically, with respect to the murder for financial gain special circumstance, the jury received CALCRIM 720 which required them to find: "1. The defendant intended to kill; AND 2. The killing was carried out for financial gain." Additionally, the jury received CALCRIM 702, which stated in part, "If you decide the defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstance of Murder for Financial Gain, you must also decide whether the defendant acted with the intent to kill." We presume jurors are "able to understand and correlate instructions and are further presumed to have followed the court's instructions." (*People v. Sanchez* (2001) 26 Cal.4th 834, 852.) Since the record of conviction established Jessee was not convicted under a vicarious liability theory, relief was properly denied by the trial court.

4

After independently reviewing the entire appellate record, we find no arguable issue.


DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.




MOTOIKE, J.


WE CONCUR:


O'LEARY, P.J.


GOETHALS, J.